NOT FOR PUBLICATION (Document No. 8)

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

:
JANET FRANCIS, :
: Civil No. 12-7753 (RBK/AMD)
Plaintiff, :
:
v. : **OPINION**
:
:
TD BANK, N.A., :
:
Defendant. :
:

**KUGLER**, United States District Judge:

This matter comes involves Plaintiff Janet Francis's ("Plaintiff") claims against Defendant TD Bank, N.A. ("Defendant") arising out of a mortgage foreclosure proceeding. Currently before the Court is Defendant's motion to dismiss all of Plaintiff's claims for failure to state a claim upon which relief may be granted (Doc. No. 8). *See* Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, the Court will grant Defendant's motion.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

TD Bank filed a foreclosure action against Ms. Francis on May 24, 2011.[1] Am. Compl. ¶ 1. On June 16, 2011, Ms. Francis filed an action against TD Bank in New Jersey state court. *See*

---

[1] The Amended Complaint actually states that *Plaintiff* was the one that filed the foreclosure action. Plaintiff's complaint appears often to use the terms "Plaintiff" and "Defendant" interchangeably. This error is somewhat understandable given that there was a related state litigation (as discussed in more detail below) in which TD Bank filed suit against Ms. Francis and therefore appeared as the plaintiff in that proceeding. Consequently, for purposes of clarity in recounting the factual allegations underlying the instant motion, the Court will refer to the parties in this section by their proper names.

1

*Francis v. TD Bank*, No. BUR-DC-007552-11 (N.J. Super. Ct. Law Div. 2011).[2]  In an opinion and order dated August 19, 2011, the Honorable Susan L. Claypoole, J.S.C., dismissed the action for failure to state a claim.  *See* Decl. of Janine Lloyd ("Lloyd Decl."), Exh. A (Order and Opinion).  Judge Claypool's opinion noted that Ms. Francis's claim was legally insufficient when all it did was allege that the Bank "violated its 'ethical, legal and moral' obligations and that Defendant failed to give credit for payments made to her [mortgage]."  *Id.*

Meanwhile, in the state foreclosure proceeding, Ms. Francis filed four separate motions to dismiss the Bank's case against her, all of which were denied.  Lloyd Decl. ¶¶ 6-7, 9.  She then filed a number of counterclaims.  The Honorable Ronald Bookbinder, A.J.S.C., denied all of Ms. Francis's counterclaims and granted TD Bank summary judgment.  *See TD Bank v. Francis*, No. F-3657-11 (N.J. Super. Ct. 2012).  Plaintiff's motion for reconsideration on the dismissal of her counterclaims was also denied.

Finally, on December 20, 2012, Ms. Francis filed suit against TD Bank in this Court (Doc. No. 1).  Because Ms. Francis's original complaint was essentially devoid of any factual allegations necessary to satisfy basic pleading standards under Federal Rule of Civil Procedure 8, the Court entered an order directing her to amend her pleadings (Doc. No. 6).  In accordance with the Court's order, Plaintiff filed her Amended Complaint in February 2013 (Doc. No. 7).  The Bank filed the instant motion to dismiss shortly thereafter (Doc. No. 8).

Ms. Francis's Amended Complaint states seventeen separate causes of action: Failure to Serve Complaint and Summons; Negligence[3]; Fraud; Violation of Truth in Lending Act; Quiet

---

[2] The Court may consider the substance of the state court proceedings in deciding the instant motion to dismiss because they are matters of public record.  *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[3] Plaintiff's causes of action are not numbered correctly.  For instance, the first two claims she asserts are both called "First Cause of Action."  Am. Compl. 4-5.  This opinion, for purposes of logic and clarity, will number the seventeen counts in consecutive order.

Title; Violation of Fair Foreclosure Act; Misimplied Payments; Breach of Contract; Assessed Incorrect Interest Rate and Taxes at Closing; Wrongful Foreclosure; Noncompliance of Rescission; Set Aside Foreclosure Sale; Void Trustee's Deed Upon Sale; Void Attempt of Assignment of Deed of Trust; Negligent Intentional [sic] Infliction of Emotional Distress; Intentional Infliction of Emotional Distress.  Following a brief recitation of the applicable legal standard, the Court will address each of these claims.[4]

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted.  Where, as here, a complaining party comes to this Court *pro se*, the Court must construe the complaint liberally in that plaintiff's favor.  *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *United States v. Day,* 969 F.2d 39, 42 (3d Cir.1992).  In such cases, the Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  *Morse v. Lower Merion School Dist.,* 132 F.3d 902, 906 (3d Cir.1997).  Seen in this light, a complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis.  *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).  First, the court must "tak[e] note of the

---

[4] Plaintiff appears at times to claim that she "removed" the state foreclosure action to this Court. *See* Am. Compl. 1. There are numerous reasons why this contention is erroneous.  The simplest explanation, however, is that her attempted "removal" did not accord with 28 U.S.C. § 1446's clear time limits.  That is, she did not effect removal within thirty days of her receipt of the initial state court pleading or service of summons.  *See* 28 U.S.C. § 1446(b). It appears Plaintiff was served with the complaint in the foreclosure action on August 12, 2011.  Lloyd Decl. ¶ 5. She filed the instant "removal" more than sixteen months later.

This removal question is of little moment, however, to the instant motion to dismiss, because the Court properly exercises federal question and supplemental subject matter jurisdiction over Plaintiff's federal and related state law claims.  *See* 28 U.S.C. § 1331, 1367(a).

elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680).[5] Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Id.*

## III.    DISCUSSION & ANALYSIS

There are four bases upon which the Court dismisses Plaintiff's Amended Complaint.

### A.    Claim Preclusion

The doctrine of claim preclusion may bar a party from asserting claims that were already brought in a previous action. *In re Mullarkey*, 536 F.3d 215, 225 (3d. Cir. 2008). The doctrine will apply when three requirements are met: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Id*. (quoting *Lubrizol Corp. v. Exxon Corp.,* 929 F.2d 960, 963 (3d Cir.1991)).

In this case, Plaintiff's fraud (Third Cause of Action) and Truth in Lending Act (Fourth Cause of Action) claims are barred as a matter of claim preclusion. Plaintiff asserted these exact claims as counterclaims in the state court foreclosure action, at which time they were considered and rejected. Lloyd Decl., Exh. E 26-27 (Opinion Granting TD Bank Summary Judgment on its Claims and Dismissing with Prejudice Janet Francis's Counterclaims). Because that litigation

---

[5] Even under the liberal pleading standards afforded a *pro se* plaintiff, the Court need not credit such a party's "bald assertions" or "legal conclusions." *Haines,* 404 U.S. at 520-21; *Day,* 969 F.2d at 42.

involved a final judgment on the merits of those claims between the same parties, this subsequent attempt to advance the same claims in this litigation must be rejected. *See In re Mullarkey*, 536 F.3d at 225. Thus, the Court will grant Defendant's motion to dismiss the Third and Fourth Causes of Action in Plaintiff's Amended Complaint.

**B.     Issue Preclusion**

Issue preclusion doctrine prelcudes a party from re-litigating "fully determined issues," even if the particular claim itself was not raised in the previous lawsuit. *In re Mullarkey*, 536 F.3d at 225.  Issue preclusion will apply if: (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding. *Id*. (citing *Township of Middletown v. Simon*, 937 A.2d 949, 954 (N.J. 1984)).  Further, the doctrine's scope is limited to matters "distinctly put in issue and directly determined adversely to the party against which the estoppel is asserted. *Id*.  (quoting *N.J.-Phila. Presbytery of the Bible Presbyterian Church v. N.J. State Bd. of Higher Educ.,* 654 F.2d 868, 876 (3d Cir.1981)).

Here, Plaintiff's Failure to Serve Complaint & Summons (First Cause of Action), Violation of the Fair Foreclosure Act (Sixth Cause of Action), and Wrongful Foreclosure (Tenth Cause of Action) claims are barred under principles of issue preclusion.  It is clear that Plaintiff raised these three same issues as defenses to the foreclosure action filed against her in state court by Defendant.  Lloyd Decl., Exh. E 35 (Issue of Service), 25 (Fair Foreclosure Act), 29-30 (Wrongful Foreclosure).  The state court's rejection of these defenses meets the requirements for issue preclusion: the earlier defenses and the present claims present identical issues; they were

actually litigated before the state court; the court issued a final judgment on these issues; determining these issues was essential to that judgment, since in order to grant Defendant summary judgment in that state action, the court had to consider and reject each of Plaintiff's asserted defenses; and Defendant was a party to the state court proceeding. *See In re Mullarkey*, 536 F.3d at 225. Thus, the Court will grant Defendant's motion to dismiss the First, Sixth, and Tenth Causes of Action in Plaintiff's Amended Complaint.

C.     **Rooker-Feldman Doctrine**

The purpose of the *Rooker-Feldman* doctrine is to prevent litigants from, among other things, filing a claim with the goal of overturning a state court decision or attempting to have a decision handed down that is in direct opposition to a state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) (holding that the only federal court with power to review final state court judgments is the United States Supreme Court) (examining *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). The doctrine applies when three circumstances obtain: a party who (1) previously lost in state court, (2) is complaining of errors in that judgment, and (3) is asking the United States District Court to review and reject the state court judgments. *Id*. at 284.

In addition, the *Rooker-Feldman* Doctrine can be applied when claims asserted in the district court are "inextricably intertwined" with state court decisions. *In re Knapper*, 407 F.3d 573, 580 (3d. Cir. 2005). Claims are inextricably intertwined when the only way for the party to get the relief he or she seeks is to require a federal court to make the determination that a state court had wrongly decided certain issues against that party. *Id*.

In this case, Plaintiff's opposition brief actually appears to argue that her claims *are* barred by *Rooker-Feldman*. Pl.'s Opp. Br. 4-5 (stating that her claims meet the three

requirements for application of the doctrine set forth in *Exxon Mobil Corp*, 544 U.S. at 292). She states explicitly that her Amended Complaint "request[s] this court to review and reject the state judgments." *Id.*

Consequently, the Court holds that Plaintiff's Misimplied [sic] Payments (Seventh Cause of Action), Breach of Contract (Eighth Cause of Action), Assessed Incorrect Interest Rate & Taxes at Closing (Ninth Cause of Action), Set Aside Foreclosure (Twelfth Cause of Action), Void or Cancel Trustee's Deed Upon Sale (Thirteenth Cause of Action), and Void Assignment of Deed (Fourteenth Cause of Action) claims are barred under *Rooker-Feldman*. It is clear that Plaintiff's request that this Court set aside the foreclosure of her home (Twelfth Cause of Action) must be dismissed out of hand, because this is an explicit request for this Court to review and overturn a valid state court judgment. *See Exxon Mobil Corp.*, 544 U.S. at 284.

In addition, the remaining claims must be dismissed under *Rooker-Feldman* because they are "inextricably intertwined" with the state court's grant of summary judgment in favor of Defendant. Plaintiff's claims for "misimplied payments" and "breach of contract" must be dismissed because granting these claims would require finding that there was an error made by the state court. In both of these claims, Plaintiff essentially argues that Defendant purposely did not apply her payments to her account. If this Court finds that Plaintiff's payments were intentionally misapplied and therefore constituted a breach of contract, and that she had not actually defaulted on her mortgage, this Court would effectively overturn the state court's determination that the foreclosure could proceed.

Plaintiff's claim for "assessed incorrect interest rate and taxes at closing" is likewise defective. In this claim, Plaintiff argues that she was incorrectly charged taxes and interest, which were not properly applied to her mortgage account, leading to the alleged improper

7

foreclosure. If this Court were to grant this claim, it would require a finding that the property should not have been foreclosed upon, since all required payments had been made. Thus, this claim must be dismissed, since granting it would require finding that the state court had erred in its decision to sustain the foreclosure action.

The two causes of action for voiding the assignment of the deed to Defendant and for voiding the deed upon sale must also be dismissed. Plaintiff claims that the transfer of the deed to Defendant is improper and that this fact takes away any right it had to foreclose on her. However, ruling in Plaintiff's favor on this point would call into question the entire foreclosure proceeding, since it would effectively hold that Defendant did not have any legal right to foreclose upon Plaintiff's property.

For these reasons, the Court will grant Defendant's motion to dismiss the Seventh, Eighth, Ninth, Twelfth, Thirteenth, and Fourteenth Causes of Action in Plaintiff's Amended Complaint.

**D.    Failure to State a Claim Upon Which Relief May Be Granted**

   *i.    Negligence (Second Cause of Action)*

In her negligence claim, Plaintiff alleges that Defendant was negligent in failing to properly credit her mortgage payments to her account, and that the bank was also negligent in filing the foreclosure action without legal authority to do so. Am. Compl. ¶¶ 3-17. To prove a negligence claim under New Jersey law, the plaintiff must show that (1) he or she was owed a duty of care by the defendant, (2) that the defendant breached that duty, and (3) that this breach was the proximate cause of damages suffered by the plaintiff. *Worrell v. Elliott & Frantz*, 799 F.Supp.2d 343, 353 (D.N.J. 2011). In this case, Plaintiff does properly allege each of the elements of a negligence claim. *See* Am. Compl. ¶¶ 16-17.

Notwithstanding this fact, however, Plaintiff's negligence claim is barred by New Jersey's Economic Loss Rule. The Economic Loss Rule provides that plaintiffs cannot recover economic losses in tort to which they are otherwise only entitled through an underlying contractual relationship. *Arcand v. Brother Intern. Corp.*, 673 F.Supp.2d 282, 307-308 (D.N.J. 2009). That is, a plaintiff may assert a claim in tort for damages arising out of a contract only if the loss for which she seeks compensation is extrinsic to the contract itself. *Id*. (citation omitted). The Court notes that in foreclosure related litigation, damages sought against a lender due to negligence in implementing a foreclosure action have been held barred under the Economic Loss Rule because these damages were not considered to be extrinsic from the contractual relationship between the parties. *See Skypala v. Mortg. Elec. Registration Sys., Inc.*, 655 F. Supp. 2d 451, 460 (D.N.J. 2009) (holding that in a foreclosure action, the "mere failure to fulfill obligations encompassed by the parties' contract, including the implied duty of good faith and fair dealing, is not actionable in tort"). This reasoning applies to the present claim: Plaintiff alleges that Defendant was negligent in failing to properly apply her mortgage payments to her account, thereby breaching the parties' mortgage contract. This circumstance does not give rise to a tort claim under New Jersey law. *See Skypala*, 655 F. Supp. 2d at 460. The Court will therefore grant Defendant's motion to dismiss the Second Cause of Action in Plaintiff's Amended Complaint.

    ii.    *Quiet Title*

Plaintiff makes a claim to quiet title to her property against all claims to it asserted by Defendant. Am Compl. ¶¶ 30-35 . New Jersey's Quiet Title Statute reads, in relevant part:

> Any person in the peaceable possession of lands in this state and claiming ownership thereof, may, when his title thereto, or any part thereof, is denied or disputed, or any other person claims or is claimed to own the same, or any part thereof or interest therein, or to hold a lien or encumbrance thereon, and when no

action is pending to enforce or test the validity of such title, claim or encumbrance, maintain an action in the superior court to settle the title to such lands and to clear up all doubts and disputes concerning the same.

N.J.S.A. 2A:62-1. This statute specifically states that an action to quiet title can only be brought when there is no action pending to enforce or test the validity of the title. In this case, Plaintiff is clearly part of an ongoing foreclosure action in which Defendant seeks to assume title to the property in question. Consequently, she is barred from asserting a quiet title claim in this Court. Thus, her Fourth Cause of Action will be dismissed.

  iii. *Noncompliance with RESPA*

Plaintiff alleges that Defendant violated the Real Estate Settlement Procedures Act (RESPA) when it failed to respond in a timely and appropriate manner to communications she sent to it. Am. Compl. ¶¶ 67-68. RESPA requires loan servicers to acknowledge receipt of a borrower's "qualified written requests" for information regarding the servicing of her loans within five business days and to issue a response within thirty days. 12 U.S.C. § 2605(e)(1)-(2). There is considerable disagreement between the parties as to whether Defendant responded to Plaintiff's communications properly under the statutory requirements. However, even accepting all of Plaintiff's assertions as true, the Court finds her RESPA claim to be deficient.

Merely alleging that a party breached its statutory obligations is not enough to assert a valid RESPA claim. *Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D.N.J. 2006). There must also be allegations about the damages that flowed from that breach. *Id*. Here, Plaintiff does not allege any damages that she suffered as a result of Defendant's alleged failure to respond to her RESPA request in a timely and effective manner. Consequently, the Court will grant Defendant's motion to dismiss Plaintiff's Eleventh Cause of Action.

  iv. *Emotional Distress Claims*

10

Finally, Plaintiff's Negligent and Intentional Infliction of Emotional Distress claims (Sixteenth and Seventeenth Causes of Action) must be dismissed.  The elements of a negligent infliction of emotional distress claim in New Jersey are: (1) a legal duty to exercise reasonable care, (2) breach of this duty, (3) negligent conduct, and (4) emotional distress.  *Decker v. Princeton Packet, Inc.*, 561 A.2d 1122, 1128 (N.J. 1989).  To state a claim for intentional infliction of emotional distress, a party must plead "intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." *Taylor v. Metzger*, 706 A.2d 685, 694 (N.J. 1998) (citation omitted).

In this case, Plaintiff's Amended Complaint contains largely conclusory allegations to support her emotional distress claims.  *See* Am. Compl. ¶¶ 76-80.  In fact, the only allegations of fact she includes regarding Defendant's liability is that it "induced her to make payments and then later refus[ed] to apply the payments and . . . fil[ed] foreclosure on her home" and that Plaintiff "discovered [Defendant] isn't a party of interest."  This is not enough to support a claim either for negligent or intentional infliction of emotional distress.  Consequently, the Court will grant Defendant's motion to dismiss the Sixteenth and Seventeenth Causes of Action of Plaintiff's Amended Complaint.

IV. **CONCLUSION**

For the reasons stated above, the Court will grant Defendant's motion to dismiss Plaintiff's Complaint.  An appropriate order shall issue today.

Dated:   8/30/2013                                        /s/ Robert B. Kugler
                                                                            ROBERT B. KUGLER
                                                                            United States District Judge