NOT FOR PUBLICATION                                             (Doc. Nos. 34, 37, 39, 41)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| JANET FRANCIS,<br><br>            Plaintiff,<br><br>    v.<br><br>TD BANK, N.A.<br><br>            Defendant. | Civil No. 12-7753 (RBK/AMD)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Plaintiff Janet Francis ("Francis"), for reconsideration of the Court's Opinion and Order dated August 30, 2013, the cross-motion of Defendant TD Bank, N.A. ("TD Bank") for sanctions, Francis's cross-motion for sanctions, and Francis's motion to expunge lis pendens. For the reasons stated herein, all of the parties' motions will be **DENIED**.

**I.   BACKGROUND**

The factual and procedural background of this case has been set forth in the Court's Opinion dated August 30, 2013, as follows:

> TD Bank filed a foreclosure action against Ms. Francis on May 24, 2011.[1]  Am. Compl. ¶ 1.  On June 16, 2011, Ms. Francis filed an action against TD Bank in New Jersey state court.  See Francis v. TD Bank, No. BUR-DC-007552-11 (N.J. Super. Ct. Law Div.

---

[1] The Amended Complaint actually states that Plaintiff was the one that filed the foreclosure action. Plaintiff's complaint appears often to use the terms "Plaintiff" and "Defendant" interchangeably.  This error is somewhat understandable given that there was a related state litigation (as discussed in more detail below) in which TD Bank filed suit against Ms. Francis and therefore appeared as the plaintiff in that proceeding. Consequently, for purposes of clarity in recounting the factual allegations underlying the instant motion, the Court will refer to the parties in this section by their proper names.

2011).² In an opinion and order dated August 19, 2011, the Honorable Susan L. Claypoole, J.S.C., dismissed the action for failure to state a claim. See Decl. of Janine Lloyd ("Lloyd Decl."), Exh. A (Order and Opinion). Judge Claypool's opinion noted that Ms. Francis's claim was legally insufficient when all it did was allege that the Bank "violated its 'ethical, legal and moral' obligations and that Defendant failed to give credit for payments made to her [mortgage]." Id.

Meanwhile, in the state foreclosure proceeding, Ms. Francis filed four separate motions to dismiss the Bank's case against her, all of which were denied. Lloyd Decl. ¶¶ 6-7, 9. She then filed a number of counterclaims. The Honorable Ronald Bookbinder, A.J.S.C., denied all of Ms. Francis's counterclaims and granted TD Bank summary judgment. See TD Bank v. Francis, No. F–3657–11 (N.J. Super. Ct. 2012) [(the "Foreclosure Action")]. Plaintiff's motion for reconsideration on the dismissal of her counterclaims was also denied.

Finally, on December 20, 2012, Ms. Francis filed suit against TD Bank in this Court (Doc. No. 1). Because Ms. Francis's original complaint was essentially devoid of any factual allegations necessary to satisfy basic pleading standards under Federal Rule of Civil Procedure 8, the Court entered an order directing her to amend her pleadings (Doc. No. 6). In accordance with the Court's order, Plaintiff filed her Amended Complaint in February 2013 (Doc. No. 7). The Bank filed the instant motion to dismiss shortly thereafter (Doc. No. 8).

Ms. Francis's Amended Complaint states seventeen separate causes of action: Failure to Serve Complaint and Summons; Negligence³; Fraud; Violation of Truth in Lending Act; Quiet Title; Violation of Fair Foreclosure Act; Misimplied Payments; Breach of Contract; Assessed Incorrect Interest Rate and Taxes at Closing; Wrongful Foreclosure; Noncompliance of Rescission; Set Aside Foreclosure Sale; Void Trustee's Deed Upon Sale; Void Attempt of Assignment of Deed of Trust; Negligent Intentional [sic] Infliction of Emotional Distress; Intentional Infliction of Emotional Distress. Following a brief recitation of the applicable legal standard, the Court will address each of these claims.⁴

---

² The Court may consider the substance of the state court proceedings in deciding the instant motion to dismiss because they are matters of public record. See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

³ Plaintiff's causes of action are not numbered correctly. For instance, the first two claims she asserts are both called "First Cause of Action." Am. Compl. ¶¶ 4-5. This opinion, for purposes of logic and clarity, will number the seventeen counts in consecutive order.

⁴ Plaintiff appears at times to claim that she "removed" the state foreclosure action to this Court. See Am. Compl. ¶ 1. There are numerous reasons why this contention is erroneous. The simplest explanation, however, is that her attempted "removal" did not accord with 28 U.S.C. § 1446's clear time limits. That is, she did not effect removal within thirty days of her receipt of the initial state court pleading or service of summons. See 28 U.S.C. § 1446(b). It appears Plaintiff was served with the complaint in the foreclosure action on August 12, 2011. Lloyd Decl. ¶ 5. She filed the instant "removal" more than sixteen months later. This removal question is of little moment, however, to the instant motion to dismiss, because the Court properly exercises federal question and supplemental subject matter jurisdiction over Plaintiff's federal and related state law claims. See 28 U.S.C. § 1331, 1367(a).

Francis v. TD Bank, N.A., No. 12-7753, 2013 WL 4675398, at *1 (D.N.J. Aug. 30, 2013).

In its August 30 Opinion and Order, the Court granted TD Bank's motion to dismiss Francis's Complaint on the basis that some of Francis's claims were barred by issue and claim preclusion, as well as the Rooker-Feldman doctrine, her negligence claim was barred by New Jersey's Economic Loss Rule, her quiet title claim was barred by the applicable New Jersey statute, she failed to allege a claim under the Real Estate Settlement Procedures Act, and she failed to support a claim either for negligent or intentional infliction of emotional distress.  On September 19, 2013, Francis filed what is styled as a motion for reconsideration.  (Doc. No. 34 ("Pl. Mot. for Recons.").)  In response to Francis's motion, TD Bank filed an opposition as well as a separate cross-motion for sanctions.  (Doc. Nos. 36 ("TD Bank Opp'n Br."), 37 ("TD Bank Mot. For Sanctions").)  TD Bank's brief in opposition to Francis's motion for reconsideration sets forth its arguments in support of its cross-motion for sanctions.  Francis then responded with her own cross-motion for sanctions, (Doc. No. 39 ("Pl. Mot. for Sanctions")), as well as a motion to expunge lis pendens, (Doc. No. 41 ("Pl. Mot. Lis Pendens")).  The Court will consider each motion in turn.

II.  DISCUSSION

In its August 30, 2013, Opinion and Order, the Court granted TD Bank's motion to dismiss Francis's Amended Complaint for failure to state a claim upon which relief can be granted.  Francis now argues that the Court should grant reconsideration and reverse its earlier decision because Defendant "failed to valid date the alleged debt, failure to file and serve a valid complaint & summons of law and Plaintiff proof her home is paid in full."  (Pl. Mot. for Recons. 2.)

As an initial matter, the Court notes that although Francis styles her motion as one for reconsideration, she cites Fed. R. Civ. P. 56 stating that "Defendant failed to properly support or address fact." (Id. at 1.)  She also states that her memorandum in support of her motion is pursuant to Fed. R. Civ. P. 12(b)(1) or, alternatively, Fed. R. Civ. P. 12(b)(4) and 12(b)(6). (Id. at 3.)  Further, she includes a "Local Rule 56.1 Statements of Undisputed Material Facts" in the body of her memorandum in support of her motion.

To the extent Francis intended to file a motion for summary judgment, this motion is improper as her Amended Complaint was dismissed pursuant to Fed. R. Civ. P. 12(b)(6), and her civil action terminated.  Accordingly, the Court will treat Francis's motion as one for reconsideration.

### A. Francis's Motion for Reconsideration

While the Federal Rules of Civil Procedure do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such a review.  Dunn v. Reed Group, Inc., No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010).  Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i); see also Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.").  A motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[ ] are to be granted 'sparingly.'"  Langan Eng'g & Envtl. Servs., Inc. v. Greenwich Ins. Co., No. 07-2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (citing P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 1992)).

4

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 170 F.3d 669, 677 (3d Cir. 1999). Reconsideration is not appropriate, however, where the motion only raises a party's disagreement with the Court's initial decision. Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 163 (D.N.J. 1988); see also Schiano v. MBNA Corp., No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process") (citations omitted); United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]").

As another court in this District meticulously explained, "[a] motion for reconsideration is improper when it is used 'to ask the Court to rethink what it has already thought through—rightly or wrongly.'" Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co. of Md., 744 F. Supp. 1311, 1314 (D.N.J. 1990) (citations omitted). That is to say "[e]ach step of the litigation should build upon the last and, in the absence of newly discovered, non-cumulative evidence, the parties should not be permitted to reargue previous rulings made in the case." Oritani, 744 F. Supp. at 1314. Accordingly, "courts in this District routinely deny motions for reconsideration that simply re-argue the original motion." Altana Pharma AG v. Teva Pharm. USA, Inc., No. 04-2355, 2009 WL 5818836, at *1 (D.N.J. Dec. 1, 2009).

5

Here, Francis fails to address the substance of the Court's August 30 Opinion and Order, arguing only that the Court's decision should "be reversed in favor of the Plaintiff." Further, Francis fails to cite an intervening change in the controlling law, present newly available evidence, or argue that reconsideration is necessary in order to correct a clear error of law or fact or to prevent manifest unjustice. Indeed, after a review of Plaintiff's arguments and supporting exhibits, it is evident that Francis is simply revisiting the arguments she made previously in this action—as well as in the Foreclosure Action—which were considered by the Court and found to be without merit.

Accordingly, because Francis has failed to meet her burden of establishing any basis to grant her motion for reconsideration, her motion will be denied.

### B.  The Parties' Cross-Motions for Sanctions

TD Bank has moved for sanctions against Francis under 28 U.S.C. § 1927 as well as Fed. R. Civ. P. 11. Francis's cross-motion for sanctions is styled as one pursuant to 28 U.S.C. § 1441(A) governing the removal of civil actions. Although Francis states in separate filing, styled as a Reply Brief Pursuant to 28 U.S.C. 1441(A) on Behalf of Plaintiff Motion to Dismiss Defendant's Motion to Dismiss, that "Defendant's [sic] should be sanctioned for their fraudulent behavior," she appears to simply repeat her arguments for reconsideration and does not set forth any separate grounds in this filing, or in her actual cross-motion, that go specifically to why sanctions against TD Bank would be appropriate. (See Pl. Reply Br. 12 (Doc. No. 38); Pl. Mot.

for Sanctions.)[5] For sake of simplicity and comprehensiveness, however, the Court will construe Francis's motion for sanctions as one filed under 28 U.S.C. § 1927 and Rule 11.

28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Id. "It . . . [is] well settled in the Third Circuit that 28 U.S.C. § 1927 requires a finding of four elements for the imposition of sanctions: [the offending attorney] '(1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct.'" In re Beers, 399 F. App'x 748, 749 (3d Cir. 2010) (citing LaSalle Nat. Bank v. First Conn. Holding Group, LLC, 287 F.3d 279, 288 (3d Cir. 2002)).

"[A] finding of willful bad faith on the part of the offending lawyer is a prerequisite for imposing attorney's fees under this provision." Hackman v. Valley Fair, 932 F.2d 239, 242 (3d Cir. 1991) (citing Ford v. Temple Hosp., 790 F.2d 342, 347 (3d Cir. 1986)). That is, "sanctions may not be imposed under § 1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal." LaSalle, 287 F.3d at 289. "Bad faith should not be lightly inferred, and counsel should be given significant leeway to pursue arguments on a client's behalf." Lewis v. Smith, 480 F. App'x 696, 699 (3d Cir. 2012).

Although section 1927 speaks in terms of an offending "attorney," the Third Circuit has noted that there is a split among the circuits as to whether a pro se litigant is sanctionable under the statute. See Inst. for Motivational Living, Inc. v. Doulos Inst. for Strategic Consulting, Inc., 110 F. App'x 283, 286 (3d Cir. 2004) (comparing Sassower v. Field, 973 F.2d 75, 80 (2d Cir.

---

[5] Based on the timing of this filing, it appears to be a reply brief in further support of Francis' motion for reconsideration.

1992) (section not applicable to pro se litigants), with Wages v. Internal Revenue Serv., 915 F.2d 1230, 1235-36 (9th Cir. 1990) (section does apply to pro se litigants), and also Alexander v. United States, 121 F.3d 312, 316 (7th Cir. 1997) (declining to take sides on this conflict)). While the Third Circuit did not definitely resolve this issue in Motivational Living, it noted that district courts have the inherent authority to impose identical sanctions under other provisions. Id. at 287 (citing Chambers v. NASCO, Inc., 501 U.S. 32, 48 (1991)).

As for Rule 11, sanctions awarded under this rule "are warranted only in the exceptional circumstances where a claim or motion is patently unmeritorious or frivolous." Goldenberg v. Indel, Inc., No. 09-5203, 2011 WL 1134454, at *2 (D.N.J. Mar. 25, 2011) (citing Watson v. City of Salem, 934 F. Supp. 643, 662 (D.N.J. 1995); see also Doering v. Union Cnty. Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988)). Indeed, the Third Circuit has recognized that Rule 11 sanctions should only be imposed in those rare instances where the evident frivolousness of a claim or motion amounts to an "abuse[ ] of the legal system." Id.

A Rule 11 motion alleging that a party has violated subsection (b) of the rule[6] must be filed as a separate pleading. See Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made

---

[6] Rule 11(b) provides as follows:

> (b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."). Further, before addressing the merits of a party's Rule 11 motion, the Court must determine whether the party complied with the "safe harbor" provision of Rule 11(c)(2). Under that provision, a party cannot file a motion for sanctions until it first presents the motion to the offending party, and allows 21 days for the other party to withdraw or correct the challenged issue. In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 99 (3d Cir. 2008) (citing Fed. R. Civ. P. 11(c)(2)).

Here, there is nothing in the record to indicate that either party complied with Rule 11(c)(2), such that Rule 11 sanctions would be appropriate. See Ortiz v. Auto. Rentals, Inc., No. 09-3002, 2010 WL 3168656, at *2 (D.N.J. Aug. 10, 2010). Additionally, although TD Bank argues that Francis submitted a fraudulent document in connection with her motion for reconsideration, and thus sanctions are appropriate to deter further improper conduct,[7] the Court declines to impose sanctions under either section 1927 or its inherent authority. See Chambers, 501 U.S. 32.

Nevertheless, although the Court declines to impose sanctions against Francis at this time, it cautions her that should she continue to file meritless motions that do nothing more than seek to relitigate this case or the Foreclosure Action, or should she submit additional documents of questionable veracity to the Court, see infra note 7, the Court will revisit the issue of sanctions

---

[7] Specifically, Exhibit F to Francis's motion for reconsideration purports to be a letter from Commerce Bank, N.A. (of which TD Bank is the successor by merger) that, in her opinion, releases her mortgage and proves that her loan has been paid. (See TD Bank Opp'n Br. 7-9 (discussing Pl. Mot. for Recons., Ex. F).) However, TD Bank notes that the letter is incoherent, makes no reference to Francis's mortgage with TD Bank, and does not state that Francis's mortgage was discharged or paid in full. (Id. at 8.) In further support of its arguments that this letter is fraudulent, TD Bank offers certifications from TD Bank employees stating that the letter was not produced or sent by Commerce Bank or TD Bank. Indeed, Joseph M. McGuckin, Sr., the alleged signer of the document, certified that he did not create or send the letter, he would never compose such a letter, nor did he hold the title of "assistant cashier," which is set forth in the signature block of the letter. (Id. 8 (citing Declaration of Joseph M. McGuckin, Sr. ¶¶ 2-6).) Mr. McGuckin also certifies that the signature on the letter is a forgery. (Id. (citing McGuckin Decl. ¶ 3).)

9

and evaluate whether to enjoin Francis from making any further filings. See Brow v. Farrelly, 994 F.2d 1027, 1038-39 (discussing the All Writs Act, 28 U.S.C. § 1651(a), which enables district courts to issue injunctions to preclude abusive, groundless, and vexatious litigation, as well as setting forth the requirements with which district courts must comply when issuing injunctive orders against pro se litigants).

Accordingly, the parties' motions for sanctions will be denied.

### C. Francis's Motion to Expunge Lis Pendens

Finally, Francis argues that the notice of lis pendens recorded pursuant to the Foreclosure Action is defective, that the foreclosure complaint filed in the Foreclosure Action was fraudulent, and that her mortgage with TD Bank was discharged. However, these issues were addressed by the Superior Court of New Jersey, and by this Court in its August 30 Opinion and Order. Specifically, this Court held that these arguments were nothing more than an improper collateral attack on the Superior Court's orders and final judgment and were barred by claim and issue preclusion, as well as the Rooker-Feldman doctrine. See Francis, 2013 WL 4675398, at *2-5. As discussed above, because Francis has failed to establish any basis to grant her motion for reconsideration, her motion to expunge lis pendens will also be denied.

### III. CONCLUSION

Based on the foregoing, all of the parties' motions will be DENIED. An appropriate order will issue today.


Dated: 4/24/2014                                          s/ Robert B. Kugler
                                                                                       ROBERT B. KUGLER
                                                                                       United States District Judge